WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Karen Bach, et al.,

    Plaintiffs,

v.

Tony Bouie,

    Defendant.

No. CV-16-02226-PHX-GMS

**ORDER**

Pending before the Court is Defendant Tony Bouie's Motion for Partial Judgment on the Pleadings as to the Plaintiffs' Sex Discrimination Claim, (Doc. 21). For the following reasons, the Court denies the motion.

## BACKGROUND

Plaintiff Karen Bach was employed by the Arizona Lottery from November 2011 until March 12, 2015.[1] Plaintiff Jessica Reimann was employed by the Arizona Lottery from January 2013 until April 7, 2015. Defendant Tony Bouie was appointed as Director of the Arizona Lottery on January 30, 2015. Bach and Reimann reported directly to Bouie.

Each Plaintiff alleges that her employment with the Arizona Lottery became difficult, and was eventually terminated, as a result of actions taken by Bouie. The Complaint alleges that Bouie's "management style was aggressive, disruptive and

---

[1] The Court takes as true the allegations in Plaintiffs' Complaint at this stage of the litigation. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

hostile." (Doc. 1 at 3.) Plaintiff Bach alleges that she was called into a meeting with Bouie and a human resources employee, to be informed with no prior notice that certain responsibilities and job titles were to be taken from her. Those responsibilities were then given to a newly-hired man. Several weeks later, at another meeting, Plaintiff Bach was informed that she was to be terminated. Her remaining job responsibilities were soon given to a newly-hired man, who received a higher salary than Bach had.

Plaintiff Reimann alleges that Bouie made "inappropriate and derogatory comments" to Reimann directly, as well as a crude and suggestive remark in a meeting with female employees. (Doc. 1 at 5.) Reimann was notified at an impromptu meeting that her office was to be taken from her and given to a newly-hired man. After expressing her concern regarding a possible ethics violation to an Assistant Attorney General assigned to the Arizona Lottery, Reimann was called into Bouie's office, ordered to resign, and then fired when she refused to do so. Reimann's job responsibilities were given to two newly-hired men.

Plaintiffs seek relief under 42 U.S.C. § 1983 on two grounds. In Count One, both Plaintiffs allege that Bouie violated Plaintiffs' Fourteenth Amendment right to be free from sex discrimination. In Count Two, Plaintiff Reimann alleges that Bouie violated Reimann's right to be free from retaliation for exercising her First Amendment right to free speech. Bouie seeks to dismiss Count One for failure to state a claim. Specifically, he argues that Plaintiffs may not bring a suit under § 1983 for sex discrimination but must instead sue under Title VII; and because Plaintiffs did not comply with the administrative requirements of Title VII, they may not sue at all.

**DISCUSSION**

**I.  Legal Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). To survive a Rule 12(c)

motion, a plaintiff must allege sufficient facts to state a claim that is plausible on its face.[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

---

[2] The standard for deciding a Rule 12(c) motion is "functionally identical" to the standard for deciding a Rule 12(b)(6) motion, and therefore the "same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (applying the *Iqbal* standard to a Rule 12(c) motion).

- 3 -

federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

**II. Analysis**

**a. Plaintiffs may bring suit for sex discrimination under 42 U.S.C. § 1983 without exhausting the administrative remedies required for a Title VII claim.**

Title VII "does not preclude suits under § 1983 alleging constitutional equal protection violations for discrimination on the basis of . . . sex." *Stilwell v. City of Williams*, 831 F.3d 1234, 1250 (9th Cir. 2016); *see also Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1415 (9th Cir. 1988). Thus a "failure to file an EEOC sex discrimination complaint does not bar [a] section 1983 sex discrimination claim." *Lowe v. City of Monrovia*, 775 F.2d 998, 1011 (9th Cir. 1985), *amended on other grounds*, 784 F.2d 1407.

Thus there is no basis for dismissing Plaintiffs' claim for violation of equal protection under § 1983 because Plaintiffs did not exhaust the administrative process required by Title VII. Clear Ninth Circuit precedent establishes that Plaintiffs may proceed exactly as they have.[3]

**b. Plaintiffs' Complaint sufficiently alleges a claim for sex discrimination.**

"The plaintiff in a § 1983 claim alleging a violation of equal protection must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). In contrast with

---

[3] In light of this precedent, the Court need not engage in a detailed analysis of Bouie's arguments to the contrary. Nonetheless, the Court will briefly note that arguments based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing for implied constitutional remedies against *federal* agents), *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (holding that Title VII is the exclusive remedy for discrimination in *federal* employment), and any other cases dealing with violations by federal actors, are irrelevant in this case, which involves a state actor being sued under a law, 42 U.S.C. § 1983, directed at violations by state actors. Nor is Defendant's focus on federal cases justified by Plaintiffs' citation, in their Complaint, to *Davis v. Passman*, 442 U.S. 228 (1979). Though that case *did* deal with *Bivens* remedies, Plaintiffs cited it only for the proposition that the Fourteenth Amendment protects against discrimination on the basis of sex in public employment. (Doc. 1 at 8.) The Ninth Circuit has cited *Davis* for the same proposition, in a § 1983 case brought against state officials. *See Lindsey v. Shalmy*, 29 F.3d 1382, 1385 (9th Cir. 1994). Likewise, cases stating that litigants may not vindicate rights created by Title VII through § 1983 claims are inapposite; Plaintiffs here seek to vindicate their rights under the Fourteenth Amendment, not under Title VII.

Title VII, "there is no specific test that an equal protection plaintiff is required to meet" beyond the "requirement of showing intentional discrimination." *Id.* The rights granted by the Equal Protection Clause are "broad enough to prohibit state actors from engaging in intentional conduct designed to impede a person's career advancement because of her gender." *Lindsey v. Shalmy*, 29 F.3d 1382, 1385 (9th Cir. 1994).

Bouie argues, without further elaboration, that Plaintiffs' mere "recitals of legal conclusions do not suffice" to "satisfy the *Iqbal/Twombly* pleading requirements set forth by the Supreme Court." (Doc. 21 at 4.) This argument is unpersuasive in light of the numerous specific facts Plaintiffs allege in their Complaint.

The Plaintiffs cite specific actions of Bouie's as "creating an atmosphere that could only be described as hostile." (Doc. 1 at 3.) Plaintiff Bach describes specific "intimidating," "frightening," and "condescending" meetings with Bouie. (*Id.* at 3–4.) She alleges that certain responsibilities and job titles were taken from her and, eventually, given to a man with fewer qualifications at a higher salary. (*Id.*) Plaintiff Reimann alleges that the Bouie made "inappropriate and derogatory comments" to her and specifies a particular meeting in which a crude and sexually suggestive expression was used. (*Id.* at 5.) She further alleges that she was moved from her office so that a man could have it and, ultimately, fired and replaced by a man. (*Id.* at 5–6.)

These detailed allegations go far beyond mere "recitals of legal conclusions" and, taken as true, plausibly suggest an entitlement to relief for violations of Plaintiffs' equal protection rights.

    **c.    Attorneys' Fees**

In their Response, Plaintiffs request an interim award of attorneys' fees. (Doc. 22 at 17.) "A party may be awarded attorney fees as a prevailing party at an interlocutory stage of the proceeding if the party prevails on the merits as to one or more of his or her claims." *Ward v. San Diego Cty.*, 791 F.2d 1329, 1334 (9th Cir. 1986). Surviving a Rule 12(c) motion does not constitute prevailing on the merits and Plaintiffs' request for fees is therefore denied.

**IT IS THEREFORE ORDERED** that Defendant Tony Bouie's Motion for Partial Judgment on the Pleadings as to the Plaintiffs' Sex Discrimination Claim, (Doc. 21), is **DENIED**.

Dated this 13th day of April, 2017.

_____
Honorable G. Murray Snow
United States District Judge